IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR ARGENT SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-W5, | § § § § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:25-cv-1711-S-BN |
| JANA L. MORRIS, ET AL., | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER REGARDING
<u>SUBJECT-MATTER JURISDICTION</u>**

Invoking the Court's subject-matter jurisdiction under 28 U.S.C. § 1332, Plaintiff Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-W5 ("DBNT") filed this lawsuit for declaratory judgment and foreclosure against multiple individual defendants, alleged to be heirs at law of Decedent Owen H. Carter, to enforce DBNT's security interest in property in Dallas County, Texas. *See* Dkt. No. 1.

United States District Judge Karen Gren Scholer referred DBNT's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 6.

The Court enters this memorandum opinion and order because it is not apparent to the undersigned that subject-matter jurisdiction under Section 1332 has been alleged and to allow DBNT an opportunity to, by **July 25, 2025**, amend its

complaint (or file a written response to this order showing cause why its complaint as filed is sufficient) to avoid the undersigned recommending that the Court dismiss this lawsuit.

Under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

DBNT adequately alleges its own citizenship (in California). *See* Dkt. No. 1, ¶ 15.

And DBNT has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Ferrari v. Francis*, 732 F. Supp. 3d 650 754 (N.D. Tex. 2024) ("When a complaint does not allege a specific amount of damages and has alleged only an indeterminate amount of damages or bare allegations of jurisdictional facts, [the party invoking federal subject-matter jurisdiction] must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, and the test is whether it is more likely than not that the amount of the claim will exceed $75,000." (cleaned up; quoting *Greenberg*, 134 F.3d at 1253 & n.13)).

The amount in controversy "is determined by the amount of damages or the value of the property that is the subject of the action." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012) (per curiam) (citation omitted). "The required demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be

awarded everything he seeks." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (cleaned up). That is, "[t]he amount in controversy is not proof of the amount the plaintiff will recover but an estimate of the amount that will be put at issue in the course of the litigation. The amount is measured by the value of the object of the litigation." *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1057 (5th Cir. 2022) (cleaned up).

The object of this lawsuit is to foreclose on property with a market value of more than $270,000, *see* Dkt. No. 1, ¶¶ 27-29; Dkt. No. 1-1, Ex. A, and, so, the amount in controversy exceeds $75,000, *see Durbois*, 37 F.4th at 1058 ("[W]hen a party seeks a deed of trust or equitable title, the suit's direct object is the value of the property or contract. *See* 14AA CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3702.5 (4th ed.) § 3702.5 ('If suit is brought to quiet title to land or to a leasehold interest in land, and the cloud affects the entire title, then the value of the property or the leasehold interest the plaintiff seeks to protect is the measure of the amount in controversy. If the entire title is not in issue, the amount in controversy is the difference in the value of the land or leasehold interest with the cloud and its value with the cloud removed.' (quotation omitted)).").

But, as to each defendant, all DBNT has alleged is (1) that each is an heir of Mr. Carter, (2) where that defendant resides, and (3) that a defendant is domiciled where he or she resides and is thus a citizen of that state. *See* Dkt. No. 1, ¶¶ 4-12 & 17-25.

"For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home." *SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023).

> In determining a litigant's domicile, the court must address a variety of factors. No single factor is determinative. The court should look to all evidence shedding light on the litigant's intention to establish domicile. The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family.

*Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996) (citations omitted).

Where DBNT (1) merely concludes that a defendant is domiciled where he or she is alleged to currently reside and (2) fails to meaningfully address any *Coury* factor as to any defendant, the undersigned cannot find that DBNT has plausibly alleged any defendant's domicile and thus shown that complete diversity supports subject-matter jurisdiction under Section 1332.

SO ORDERED.

DATED: July 8, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE