IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DEUTSCHE BANK NATIONAL TRUST §
COMPANY, AS TRUSTEE FOR §
ARGENT SECURITIES INC., §
ASSET-BACKED PASS-THROUGH §
CERTIFICATES, SERIES 2006-W5, §
§
    Plaintiff, §
§
V. §                          No. 3:25-cv-1711-S-BN
§
JANA L. MORRIS, ET AL., §
§
    Defendants. §

## MEMORANDUM OPINION AND ORDER VACATING CLERK'S ENTRY OF DEFAULT

To enforce its security interest in property in Dallas County, Texas, Plaintiff Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-W5 ("DBNT") filed this lawsuit for declaratory judgment and foreclosure against multiple individual defendants, alleged to be heirs at law of Decedent Owen H. Carter. *See* Dkt. No. 1.

United States District Judge Karen Gren Scholer referred DBNT's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 6.

In response to the Court's July 8, 2025 memorandum opinion and order regarding subject-matter jurisdiction, noting that DBNT's allegations as to the defendants' citizenships were deficient and the complaint therefore failed to plausibly allege diversity jurisdiction under 28 U.S.C. § 1332, *see* Dkt. No. 7, DBNT filed an

amended complaint on July 25, 2025, *see* Dkt. No. 14.

More recently, DBNT requested that the Clerk of Court enter defaults as to six defendants. *See* Dkt. No. 20.

DBNT alleges that five of these defendants were served on either July 11, 12, or 15, 2025. *See id.*, ¶¶ 4-8; Dkt. Nos. 9, 10, 11, 12, & 15 (corresponding executed summons returns); *but see* Dkt. No. 15 at 1 (reflecting that Defendant Deborah Carter was served on August 4, 2025, contrary to DBNT's allegation that she was served on July 15). The sixth defendant who DBNT has alleged to be in default was served on September 13, 2025. *See* Dkt. No. 20, ¶ 3; Dkt. No. 16 (corresponding executed summons return).

And the Clerk entered defaults as to these six defendants under Federal Rule of Civil Procedure 55(a) on October 27, 2025. *See* Dkt. No. 21.

But, as the record set out above reflects, each of the defendants now in default was served the original complaint, not the operative amended complaint that DBNT filed on July 25.

And, because none of these defendants were in default at the time that DBNT filed the amended complaint, service of the original complaint alone, even if that service was otherwise proper, is not a basis to find these defendants in default now.

And, so, the Court VACATES the Clerk's entry of default [Dkt. No. 21].

"A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law." *Staten v. City of Dall.*, No. 3:19-cv-843-L-BN, 2020 WL 1083605, at *2 (N.D. Tex. Mar. 6, 2020) (citing Fᴇᴅ.

R. CIV. P. 55(a)).

"And, while '[t]his first step, entry of default, is a ministerial matter performed by the clerk and is a prerequisite to a later default judgment,' the decision whether to 'perform the ministerial function of entering default that is assigned to the clerk by the text of Rule 55(a) [remains] vested within the judge's sound discretion.'" *Brown v. Gateway Mortg. Grp., LLC*, No. 3:23-cv-2826-S-BN, 2025 WL 593058, at *1 (N.D. Tex. Feb. 21, 2025) (quoting *Staten*, 2020 WL 1083605, at *2).

As the Court previously set out in its order requiring DBNT to file a status report as to service, *see* Dkt. No. 19 at 1-2, under Federal Rule of Civil Procedure 5(a), "personal service of the summons and complaint is not required in order to serve an amended complaint" only once a party has "already appeared in the litigation," *Taylor v. El Centro Coll.*, No. 3:21-cv-999-D-BH, 2022 WL 581812, at *1 (N.D. Tex. Feb. 25, 2022) (citing *Fluor Eng'rs & Constructors, Inc. v. S. Pac. Transp. Co.*, 753 F.2d 444, 449 n.7 (5th Cir. 1985); collecting other cases); *see also* 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1146 (4th ed.) ("[I]t is clear that amended or supplemental pleadings must be served on parties who have not yet appeared in the action in conformity with Rule 4." (footnote omitted)).

And, so, as multiple federal district courts have held, "a plaintiff seeking default judgment on an amended complaint must first demonstrate proper service of the operative complaint; a party may not avail itself of the more relaxed standard under Rules 5(a)(1)(B) and 5(b) to effect proper service of an amended complaint unless the defendant has appeared in the first instance." *U.S. Bank Nat'l Ass'n v.*

*Harris*, No. 4:16-CV-00498-ALM-CAN, 2018 WL 4677809, at *1 (E.D. Tex. Mar. 14, 2018) (characterizing the holding of *Bricklayers & Allied Craftworkers Local Union No. 3 v. Palomino*, No. C-09-01589-CW (DMR), 2010 WL 2219595, at 2 & n.6 (N.D. Cal. June 2, 2010); citing *Netzch Premier Techs. v. Puhler Feinmahltechnick GmbH*, No. 1:16-cv-781-WTL-MPB, 2016 WL 6573886, at *2 n.2 (S.D. Ind. Nov. 7, 2016) ("The [United States Court of Appeals for the] Fifth Circuit has held that a party who has not appeared but is not yet in default must be served additional pleadings in accordance with [Federal Rule of Civil Procedure] 4." (citing *Fluor Eng'rs & Constructors*, 753 F.2d at 449 n.7 ("We find no authority directly on point, but we agree with the Norfolk & Western's suggestion that Rule 5(a) service is proper only after a party has appeared in an action.")))), *rec. adopted*, 2018 WL 4677800 (E.D. Tex. Apr. 4, 2018); *see also BKK Working Grp. v. 1700 Santa Fe Ltd.*, No. CV 18-5810-MWF, 2025 WL 2946982, at *1 (C.D. Cal. Sept. 23, 2025) ("After a party is in default, an amended pleading that does not state a new claim for relief against such a party need not be served. FED. R. CIV. P. 5(a)(2). Until then, however, amended pleadings must generally be served on every party to an action. FED. R. CIV. P. 5(a)(1)(B)." And, so, "the Court finds that entry of default is not appropriate because Plaintiffs have failed to serve the 9AC – the operative complaint – on the above-referenced Defendants.").

SO ORDERED.

DATED: October 28, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE